Case 2—PETITION ORDINARY—March 4.

# Lawhorn v. Carter, surviving partner, &c.

## APPEAL FROM CLINTON CIRCUIT COURT.

1. PRESUMPTIONS FROM THE EXECUTION OF A NOTE.—Being sued on a note, the defendant answered and produced evidence tending to prove that shortly before it was executed he delivered to the payees tobacco worth more than the debt, to be sold and the proceeds applied in discharge of the debt; that no account had been rendered, and that he executed the note at their instance to settle the account on their books. *Held*, that it was error to instruct the jury that the execution of the note is presumptive evidence that all previous open or outstanding accounts between the parties were then settled. The jury ought to have been told that it was a fact to be considered by them in connection with the other evidence in deciding whether the tobacco, if delivered, had been settled for at or before the execution of the note.

2. PRESUMPTIONS OF FACT ARE AT BEST BUT MERE ARGUMENTS, and depend on their own natural force in generating conviction in the mind, and should not be aided by suggestions or intimations from the court as to what they do or do not prove.

    It is often proper and necessary that the court should aid the jury by calling their attention to such facts as are proper to be considered by them as evidence, especially when the fact is of such a nature that they may otherwise overlook it; but in such cases the court should simply suggest the fact, and inform the jury that it should be considered in connection with the other evidence, and that it is for them to decide on all the evidence whether the fact existed or not.

3. A MERCHANT'S ACCOUNT IS INCOMPETENT AS EVIDENCE WHERE it shows on its face that it does not contain the original entries of the items charged in it. (1 Greenleaf on Evidence, 117.)

4. MERCANTILE BOOKS CAN ONLY BE ADMITTED AS AFFIRMATIVE EVIDENCE, and are never admissible to establish a negative proposition. (Morse v. Potter, 4 Gray, 292.)

5. AN OPPOSING PARTY IS NOT A COMPETENT WITNESS TO PROVE what took place between himself and a deceased partner in the absence of the surviving partner.

WINFREY & WINFREY, . . . . . . . . For Appellant.

J. A. BRENTS, . . . . . . . . . . . For Appellee,

CITED

General Statutes, chap. 37, sec. 25, p. 415.
2 Met. 139, Ryon v. Bean.
3 Met. 73, Combs v. Jefferson P. D. Co.
4 Met. 331, Buckels v. Lambert.
1 Met. 578, Smith v. Northern Bank of Kentucky.
17 B. Mon. 388, Tudor v. Tudor.

JUDGE COFER DELIVERED THE OPINION OF THE COURT

This was an action by the appellee, Josiah Carter, as surviving partner of the firm of W. E. & J. Carter, on a note executed to that firm by the appellant on the 1st of July, 1861, for $75.45.

The appellant, in his answer, alleged that a short time before the execution of the note he delivered to the firm of W. E. & J. Carter, who were merchants and tobacco-dealers, about twelve hundred and fifty pounds of tobacco, worth $120, which they agreed to prize, ship, and sell for his account; that he was then indebted to them for goods, and it was agreed that they should retain out of the proceeds of the tobacco a sum sufficient to discharge that indebtedness and pay over to him the balance; that a short time after the tobacco was delivered the deceased partner called on him to execute his note for the account, in order to square their books and settle the account; and that they had failed and refused to account for the tobacco.

The evidence not only tended to prove all these facts, but it also tended to prove a recognition of this agreement at the time the note was executed.

On this evidence the court instructed the jury that "the execution of the note by the defendant to the plaintiff is presumptive evidence that all previous open or outstanding accounts between the parties were then settled."

While as an abstract proposition of law the instruction is right, it should not have been given.

Presumptions of facts are, at best, but mere arguments, and are to be judged by the common and received tests of the truth of propositions and the validity of arguments. They depend upon their own natural force and efficacy in generating conviction in the mind, and should not be aided by suggestions or intimations from the court as to what they do or do not prove. It may often be not only proper but necessary that the court should aid the jury by calling their attention to such facts as are proper to be considered by them as evidence, especially when the fact is of such a nature that they may otherwise overlook it; but in such cases the court should simply suggest the fact, and inform the jury that it should be considered in connection with the other evidence, and that it is for them to decide, on all the evidence, whether the fact existed or not.

In this case the court should have told the jury that the execution of the note after the alleged delivery of the tobacco was a fact to be considered by them, in connection with the other evidence before them, in deciding whether the tobacco, if delivered, had been settled for at or before the execution of the note.

The plaintiff when testifying in his own behalf was allowed to state that the books of the firm had been kept by his deceased partner and the clerks of the firm, all of whom were dead, and that they were correctly kept and had been found by the witness in settling the firm business to be correct, and then to state that they contained no entry showing that the defendant had delivered tobacco to the firm, as claimed by him; and so much of the books as related to the defendant's account with the firm was allowed to be read to the jury as evidence, and the account as read is copied into the record.

The account on its face shows that it does not contain the

original entries of the items appearing on it, and the books were for that reason incompetent. (1 Greenleaf on Evidence, secs. 117, 118.)

But they were inadmissible on other grounds. Mercantile books can only be admitted as affirmative evidence, and are never admissible to establish a negative proposition. It was accordingly held in an action by a laborer against his employer for wages that the time-book of the employer, kept in tabular form, in which the days the plaintiff worked were set down, was not admissible in evidence to show that the plaintiff did not work on certain days, by the omission of the defendant to give credit for those days; and the reason given was that it was a book of credits, and not of charges. (Morse v. Potter, 4 Gray, 292.)

The books, as well as the testimony of the appellee in reference to them and what they contained or did not contain, were incompetent.

The appellant was not a competent witness to prove what took place between himself and the deceased partner, in absence of the surviving partner.

For the errors indicated the judgment is reversed, and the cause is remanded with directions to award the appellant a new trial.