## Clary v. Commonwealth.

(Decided February 19, 1915.)

### Appeal from Daviess Circuit Court.

1. Embezzlement—Indictment—Sufficiency of Description of Ownership of Property Embezzled.—In an indictment for embezzlement under Section 1202, Kentucky Statutes, which describes the property embezzled as "goods, wares and merchandise, a more particular description being to the grand jury unknown," is not sufficient upon demurrer.

2. Indictment—Bill of Particulars—When May Be Used.—A bill of particulars does not cure a defective indictment, and may be used only where the indictment is sufficient to withstand a general demurrer, and may be required in certain cases in furtherance of justice, and in the sound discretion of the trial court.

3. Embezzlement—Indictment—Sufficiency of Description of Property Embezzled.—In an indictment for the embezzlement of personal property, the property must be described with the same particularity as in an indictment for larceny.

4. Embezzlement—Indictment—Sufficiency of Description of Property Embezzled.—The description of personal property alleged to have been embezzled, in an indictmnt for that crime, must describe the property with sufficient particularity to give the accused notice of the circumstances of the exact accusation which he is called upon to answer.

5. Criminal Law—Evidence—Confession—When Admissible.—Proof of a confession of the accused is always competent evidence against him, provided it shall appear that the confession was free and voluntary.

6. Criminal Law—Evidence—Confession.—A confession induced by the "flattery of hope, or the torture of fear," can not be proved against the accused.

7. Criminal Law—Evidence—Confession.—The mere fact that a confession is made to an officer, or to a person in authority, does

not make the confession incompetent as evidence against the accused, if the confession was freely and voluntarily made.

8. Criminal Law—Trial—Instructions—Confession—When Entitled to Instruction on Corroboration of.—The court should not give an instruction as to the weight to be given to a confession, where the evidence, independent of the confession, clearly proves the corpus delicti, but where it is doubtful from the evidence, independent of the confession, that the offense has been committed, at all, an instruction should be given substantially embodying the provisions of Section 240 of the Criminal Code.

9. Criminal Law—Evidence—Books—When Admissible to Prove Negative Proposition.—The rule that mercantile books are not evidence by which a negative proposition may be proved, does not apply where the party against whom they are offered as evidence is relying upon such books to prove his contention, or who has made statements in his testimony that the books will show certain items charged or credited to him.

LOUIS I. IGLEHEART for appellant.　　　　　　　　'ι .

JAMES GARNETT, Attorney General, and CHARLES H. MORRIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

Charles Clary was indicted in the Daviess Circuit Court charged with the crime of embezzlement, as denounced by Section 1202 of the Kentucky Statutes. Upon his trial under this indictment he entered a plea of not guilty, and was found guilty by the jury, and sentenced to imprisonment for an indeterminate period of not less than one year nor more than two years, and judgment was pronounced upon the verdict by the court in accordance with it. The defendant filed grounds and moved the court to set aside the verdict of the jury, and to grant him a new trial, which the court overruled. He now asks that the verdict and judgment be set aside and a new trial granted him for the following reasons:

First, because the indictment against him is insufficient in law, and because the court overruled his demurrer to the indictment; second, because the court erred to his prejudice in permitting incompetent testimony against him upon the trial, to which he objected at the time, and his objections were overruled by the court; and, third, because the court misinstructed the jury as to the law of his case, and failed to instruct the jury upon the whole law of the case.

The objection urged to the indictment is that it fails to state the value and does not describe with sufficient particularity the property which he is accused of embezzling, and by reason of that, he was not given sufficient notice of what would be in evidence against him, and because it would not constitute a bar to another prosecution against him about the same matters. His contention that the failure of the indictment to state the value of the property with which he is accused of embezzling we do not think is a substantial defect. This is not an indictment for grand or petit larceny, nor an indictment for a violation of Section 1358a of the Kentucky Statutes, wherein it is necessary to aver the value of the property stolen or converted, in order to determine what degree of punishment should be imposed upon the transgressor. The statute which the appellant is accused of violating is Section 1202, Kentucky Statutes, and is in the following language: "If any officer, agent, clerk, or servant of any bank or corporation shall embezzle or fraudulently convert to his own use or the use of another, bullion, money, or bank notes, or any effects, or property belonging to such bank or corporation, or other corporation, or any person, which shall have come to his possession, or been placed in his care or under his management as such officer, agent, clerk, or servant, he and the person to whose use the same was fraudulently converted, if he assented thereto, shall be confined in the penitentiary not less than one nor more than ten years."

While the crime denounced by this statute is a species of larceny, it is one of those aggravated forms of larceny, which may be committed regardless of the value of the property converted. The punishment in this case is without reference to the value of the property taken, and for that reason the value need not be stated in the indictment. As to the value of the property converted the same rule would seem to apply in reference to a crime under this statute, as it would, where one of the forms of simple larceny is charged; that is, if the property converted has any value, the crime may be committed by converting it in the manner denounced in the statute.

The complaint of appellant that the indictment does not with sufficient particularity describe the goods which he is charged with embezzling, is a complaint of more substantial character. The description of the property

which he is charged to have converted, by the indictment, is stated in the indictment to be "goods, wares, and merchandise, personal property of value, then and there belonging to said McAtee, Lyddane & Ray, and a further description whereof, is to the grand jurors unknown."

Sub-section 4 of Section 124, Criminal Code, is mandatory in this, that the particular circumstances of the offense charged, if they be necessary to constitute a complete offense, must be set out in the indictment.

This court, in the case of Bradley v. Commonwealth, 132 Ky., 519, said this: "It is, however, now insisted by the Commonwealth that the indictment is good as to the charge of embezzlement. We cannot assent to this conclusion, and, without reiterating the defects in the indictment, it is sufficient to say that embezzlement is a purely statutory offense partaking much of the nature of larceny. Therefore, 'the property embezzled must be described with the same particularity and the ownership stated with the same degree of care as is required in an indictment for larceny.' * * *" Thus, quoting Roberson's Criminal Law and Procedure, 464. That author, in the section quoted from, not only uses the language above quoted, but further says: "The omission to describe the property is a fatal objection at any stage of the case, including the motion in arrest of judgment."

In 15 Cyc., page 514, this language is found:

"An indictment or information for embezzlement should describe the property alleged to have been embezzled with such certainty as to identify it, and give defendant full and fair information as to the charge, and be a bar against another prosecution. The same, but no greater, particularity of description is required in an indictment for larceny."

In 25 Cyc., page 75, in describing the certainty of the description of the goods alleged to have been taken, that is necessary in an indictment for larceny, it says: "The description must be sufficiently certain to enable the jury to identify the property described in the indictment with that referred to by the evidence, and to show the court that the property is a subject of larceny."

To charge one in an indictment for embezzlement, with fraudulently converting to his own use "goods, wares, and merchandise," might mean a thousand articles, which can be properly included in a description of

that kind, and the one indicted would be required to meet this accusation without any means of knowing what he might be accused of taking fraudulently, and would necessarily be totally unprepared to meet the accusation, and neither upon the record would a conviction or acquittal be a good bar to a prosecution thereafter for fraudulently converting to his own use some specific article. The pleader, in preparing this indictment, undertook to cure this defect in the description of the articles alleged to have been converted fraudulently by alleging that a further description of them was to the grand jurors unknown.

Roberson on Criminal Law and Procedure, Section 464 says: "If it is impossible to give an exact description of the property, the best description practicable should be given, and, if the description given is indefinite, a reason for not giving a better one should be stated."

In 25 Cyc., page 77, referring to an indictment for larceny, it is said: "Where an offense is substantially set out in an indictment a matter of description may be omitted, where a good excuse for such omission is given, as that a fuller description is unknown. But, if the description was not unknown as alleged, it is a fatal variance."

Neither of these sections from the above authors would justify the upholding of an indictment, and a conviction under it, for a larceny of personal property, where the indictment contained no description of the property at all. It was never intended that any one could be put upon trial or convicted upon a charge of embezzlement, or of larceny of articles of personal property without some kind, or at least a partial description. It will be observed that the rule as laid down by Roberson only provides that where an exact description of the property cannot be given, and in Cyc., where a fuller description is unknown, are the instances in which an excuse may be made for it and the indictment upheld. Under the indictment in the case at bar the jury could not from the evidence apply the articles alleged to have been fraudulently converted to the indictment, and find that they were the same as those referred to in the indictment. Neither, would the accused have fair notice of the accusation, which he is called upon to answer, or such notice as would be fair and just to him, when called

upon to answer a charge of a heinous offense, such as any felony is.

It is impossible to see how it could be known that the appellant had fraudulently converted personal property owned by the corporation, which he was in the service of, and still it not be known what was the character and description of the property that he had converted.

The bill of particulars, which, upon motion of appellant, were filed and used upon the trial, did not cure the indictment. A bill of particulars is not designed to uphold an insufficient indictment, but such bill is designed only to be used where the indictment is sufficient upon demurrer; but in the sound discretion of the trial court, and in furtherance of justice, in order to give the defendant fair notice of what he is called upon to defend, in some states of case, upon motion of the defendant, a bill of particulars may be required. Such a state of case, for instance, as where an individual has occupied a position as a servant, agent, or clerk for some corporation for a great many years, and, in the course of that time, has handled a great deal of money from time to time in different amounts for the corporation, and upon an indictment for embezzlement, the accusatory part of the indictment charges him with embezzling money belonging to his employer, and, as he would not be able to know the time with precision upon which he is charged with converting the money nor out of which particular circumstance the accusation grew, he may demand a bill of particulars to indicate the exact charge which he is called upon to answer.

Section 135 of the Criminal Code provides: "That in an indictment for larceny or embezzlement of money or United States currency or bank notes it is sufficient to allege the larceny or embezzlement of the same without specifying the number, or denomination, or kind thereof." This is the only exception to the rule requiring a description of the property alleged to have been embezzled.

The cases of Commonwealth v. Barney, 115 Ky., 475; and the case of Bailey v. Commonwealth, 130 Ky., 305; and the case of Travis v. Commonwealth, 96 Ky., 77; and of Schlitzbaum v. Commonwealth, 26 R., 52, are not cases in point upon the question involved in this case. In these cases the accused was charged in the indictment with converting sums of money, and in each case stating the number of dollars alleged to have been converted,

and the only thing the grand jury undertook to say was not known to it was the denomination, kind, or character of the money, and these were held to be good indictments by reason of Section 135 of the Criminal Code, *supra*, which provides that in cases where the charge is that money was converted, it may be plead, without giving the particulars as to the kind, character, and denominations of the money.

In the case of Commonwealth v. Bailey, *supra*, the description of the property converted was money, effects, and property to the value of $500.00, and the court held that because it charged the converting of money, and gave the amount of it, under Section 135, *supra*, of the Criminal Code, that was a sufficient description of the property converted, and that the words "effects" and "property" were not sufficient to sustain the indictment, and should be considered as mere surplusage. A sufficient description of the articles embezzled in the indictment in this case would have been 2 dozen bed sheets, 2 silk kimonos, 2 silk dresses, 12 napkins, 2 dozen towels, etc., as described in the bill of particulars.

For these reasons the court was in error when it overruled the general demurrer of the appellant to the indictment.

The appellant's objection to the proof offered tending to show that he had confessed his guilt of the crime charged in the indictment is not well taken. A confession by an accused out of court is always competent evidence against him upon the trial for such offense, if his confession was freely and voluntarily made. If he was induced to make such a confession by an officer having him in custody, or by some person in authority over him, by holding out to him some advantages to be gained by him in making the confession, or by using threats or some duress to induce the confession, it is not competent evidence against him. In the instant case the appellant does not seem to have been influenced in making the alleged confession, either by the "flattery of hope, or the torture of fear." There was no inducement held out to him; in fact, the president of the corporation said to him that he could make him no promise of immunity of any kind. There is no pretense that he was threatened, or put in fear, or unduly pressed about the matter. He was not under arrest, nor in the custody of any officer. While it appears that one of the persons present was an officer,

such person did not say anything nor take any part in the conversation. The mere fact of a confession being made to one in authority does not render proof of the confession incompetent evidence as against the accused, when it was freely and voluntarily made, but if this case should be tried again, and the *corpus delicti* of the crime should be clearly proven by other evidence, independent of any proof of a confession by the appellant, the court will not give an instruction to the jury upon that subject, but if it appears from the proof, other than from proof of the confession of the appellant, that it is doubtful as to whether or not the crime with which he is accused had been committed at all, in that event the court should give an instruction as provided in Section 240 of the Criminal Code, as well as other proper instructions in the case. (Wigginton v. Com'th, 92 Ky., 282; Dugan v. Com'th, 102 Ky., 252; Gilbert v. Com'th, 111 Ky., 798; Higgins v. Com'th, 142 Ky., 647.)

On the trial below the appellant testified that he purchased from the corporation employing him certain articles which he is accused of converting to his own use fraudulently, and that same were charged against him upon the books of his employer, and they had been settled for by him in the settlement of his wages. Certain other articles which he is charged with converting he stated that he bought from his employer, and for some of them he paid cash, and made out tickets, according to the manner of the business, showing the purchases and the tickets he turned in to the cashier of his employer, and as to other articles, he claimed that he had purchased them, and made out a credit ticket, and that those tickets were turned in to the cashier, and, according to the manner of the conduct of the business, those tickets, both the cash tickets and the credit tickets, at the end of each day, were delivered by the cashier to the bookkeeper, who made a memorandum of all of those items upon the books of the corporation. In attempted rebuttal of this testimony by the appellant, the bookkeeper was called as a witness, and she was allowed to testify, over the objection of the appellant, that the books showed no entries of the purchases which appellant claimed that he had made, and that there were no tickets which showed that he had bought any of the articles claimed, either for cash or upon credit.

The appellant insists that this evidence was prejudicial to him and was incompetent as against him. In the case of Lawhorn v. Carter, 11 Bush, 7, and other similar cases in this court, it has been held that mercantile books can only be admitted as affirmative evidence, and are never admissible to establish a negative proposition. In the case of Morse v. Potter, 4 Gray, 292, referred to in the case of Lawhorn v. Carter, *supra,* was where a laborer had sued his employer for services, it was held that the time book of the employer kept in tabular form, in which the days the plaintiff worked were set down, was not admissible in evidence to show that the plaintiff did not work on said days, and the omission of the defendant to give credit for those days was not evidence that the work had not been done, and the reason given was that it was a book of credits, and not a book of charges. It seems, however, in the case at bar that the books of the corporation whose goods the appellant is charged with embezzling were books of both credits and charges. The case of Lawhorn v. Carter, *supra,* and other similar cases, in which the doctrine enunciated there has been held, were different states of case to the one presented in this case. Those were cases where the parties seeking to establish the affirmative of a proposition were not relying upon the books containing a summary of the transactions between them and their adversaries, and where the books were kept altogether by the opposing parties, and by parties who had no immediate connection with the transaction in controversy. In this case, however, the appellant testifies that the books of the corporation contain items of charges and credits against him and in his favor, with regard to some of the articles which he is accused of embezzling, and that he made out tickets himself, showing payment in cash for some of the articles and other tickets showing that he purchased some of the articles upon credit, and that he made purchases of some of the articles from other employes of the corporation. It is very evident that the mere fact that the cashier failed to turn in to the bookkeeper the tickets mentioned, or the failure of the bookkeeper to make a memorandum of them upon the books ought not to be used as evidence against the appellant, and the books by themselves, or the tickets by themselves, would not be competent evidence to show that the goods had not been purchased by the appellant, either for cash or upon credit. But we

are of the opinion, under the facts in this case, that the cashier would be a competent witness to prove whether or not the tickets evidencing his purchases as claimed by appellant were turned over to her, and whether or not she delivered all of these tickets to the bookkeeper, and the bookkeeper would be a competent witness by whom to prove that she made a memorandum of the contents of these tickets upon the books of the corporation. The testimony of the bookkeeper as to whether or not certain things are charged to the appellant or credited to him upon the books, which he states were charged to him, or credited to him upon the books, would be competent to show that such charges and credits as claimed by appellant were not upon the books. The books and tickets being the best evidence of what they contain and do not contain, the bookkeeper ought not to be allowed to make any statement as to what they contain or do not contain, without producing them in open court, and giving the appellant a reasonable opportunity to make an examination of the contents, so far as they refer to him. With reference to such articles as the appellant testifies that he purchased from other employes of the corporation, neither the absence of a ticket nor the failure of the books to show a memorandum of such transaction would be competent evidence against the appellant in regard to such articles, as the failure of such employee to make out a ticket of the transaction and turn it in to the cashier, and then to the bookkeeper, ought not to militate against the appellant or be allowed to create an unfavorable impression against him. Neither the want of a ticket nor the want of a memorandum upon the books with regard to such articles as appellant claims that he made out tickets for, and turned in to the bookkeeper himself, is competent evidence against him in the absence of the testimony of the cashier to the effect that all tickets received by her from appellant were turned in to the bookkeeper.

On the trial the president of the corporation, in detailing a conversation with the appellant, in which the appellant is alleged to have confessed his guilt, over the objection of the appellant, was allowed to make the following statement: "I took you back before with the solemn promise before God that you would never take anything else." It appears that the appellant had been in the service of the corporation for thirteen or fourteen

years, and that it was previous to that some time that
the occasion occurred to which the president referred
when he made the statement above referred to. The gen-
eral rule prevailing is, that upon the trial of one accused
of some particular crime, it is not competent to prove
against him his guilt of some other offense, except in
certain exceptional states of case. We presume that
this statement referred to some transaction of similar
kind to this, thirteen or fourteen years previous to the
time of the conversation. The jury who heard it were
obliged to have inferred the same thing, and it had the
tendency to induce them to believe in the guilt of the
appellant of the charge upon which they were trying him.
When one is being tried for a crime, the relevancy of the
proof of other crimes of, which he had been guilty, is only
in case where a crime has been proven and the proof of
some other crime is necessary to identify the accused as
the person who committed the crime proven, as above
stated; or where it is necessary to show guilty knowledge
in the accused, it is relevant to prove that at another
time and place, not too remote, the accused committed
or attempted to commit a similar crime to the one of
which he is accused; or where it is necessary to show a
particular criminal intent in the person on trial, or to
show malice in him, or the motive for the commission of
the crime, or to show that the crime of which he is be-
ing tried is a part of a plan or system of criminal ac-
tions, it is relevant to prove against the accused, under
proper instructions of the court to the jury, other crimes
of which the accused has been guilty; but the evidence
complained of in this case does not seem to come within
any of these exceptions to the general rule, and is too
remote to be considered, and the court should have ex-
cluded all of the statements of the witness pertaining to
any other offense of which the accused had been guilty,
as it was extremely prejudicial to him, and in no way
tended to legally prove him guilty of the offense for which
he was being tried. However, the accused is entitled to
have all that was said upon the occasion upon which he is
alleged to have made his confession, and if he demands
that the witness state all that was said between them upon
that occasion the court should then permit the jury to
hear it all.

As to the complaint of the appellant that the court
misinstructed the jury as to the law of his case, we see

no fault with instruction number 1, except that it is somewhat involved, and its meaning difficult to determine. On account of the nature of this case and the facts proven, it is almost impossible to say from the evidence whether the embezzlement of which the appellant is charged occurred before the 17th day of March, 1914, or whether it occurred between that time and the finding of the indictment on the 5th day of June, 1914, and, as the duty of the jury was different if the embezzlement occurred before March 17, 1914, from what it was if it occurred after that date, the court below properly undertook to instruct the jury as to what should be their duty in regard to the time when the embezzlement was committed. If the embezzlement occurred before the 17th day of March, and the jury believed that he was guilty, they would simply find him guilty, without fixing any punishment, and the court would sentence him to an indeterminate term of imprisonment of not less than one year nor more than ten years; but if the embezzlement occurred after the 17th day of March, it was the province of the jury to fix his punishment at an indeterminate sentence of not less than one year, nor more than any number of years not greater than ten years. We think that, upon another trial, it would be better to give two instructions, one of which would define the duties of the jury, if it should believe beyond a reasonable doubt that the embezzlement occurred before the 17th day of March, and the other should define its duties if it believed that it occurred after the 17th day of March.

Instruction number two was in the following language: "If from all of the evidence you have heard in the case you entertain a reasonable doubt from said evidence, as to whether or not the defendant is proven to be guilty, you should find him not guilty, and so state in your verdict."

Upon another trial the court should give that instruction substantially as provided for by Section 238 of the Criminal Code, because, in the form in which it was given by the court below, it might be concluded that it was the duty of the jury to convict him if they entertained a reasonable doubt of the evidence showing him to be not guilty, when it is its duty to acquit when, from the evidence, they entertain a reasonable doubt of his having been proven guilty.

It is, therefore, ordered that the judgment appealed from in this case be reversed and that this case be remanded to the court below, with directions to sustain the general demurrer to the indictment, and to refer the case to the grand jury, and for such proceedings as are in conformity with this opinion.