## Stephens v. Commonwealth.

(Decided September 14, 1920.)

### Appeal from McCracken Circuit Court.

1. Larceny—Larceny of Money—Sufficiency of Indictment.—Under section 135, Criminal Code, in an indictment for the larceny of money, it is sufficient to allege the larceny of a certain number of dollars of the money of the United States, wthout specifying the coin, number, denomination or kind thereof.

2. Larceny—Larceny of Money—How Indictment Sustained.—An indictment for the larceny of money, which describes the property stolen as "341 dollars of good and lawful money of the United States," may be sustained by proof of the larceny of either coin, currency of the United States or bank notes.

3. Criminal Law—Evidence—Avowal.—Where an objection is sustained to a question asked a witness and the witness is not permitted to answer, and no avowal is made of the answer, which the witness would make, it can not be determined on appeal whether or not the ruling of the court was prejudicial.

4. Criminal Law—New Trial.—As a general rule a new trial will not be granted on account of witnesses discovered after the trial, where their evidence would only tend to impeach the evidence of witnesses, who testified upon the trial.

5. Criminal Law—New Trial.—On the hearing of a motion for a new trial based upon the discovery of new witnesses, and the court hears the evidence of witnesses, and their evidence is not brought up in the record, upon appeal, it can only be presumed, that the evidence heard by the court justified its judgment in denying the new trial.

CROSSLAND & CROSSLAND and B. C. SEAY for appellant.

CHARLES I. DAWSON, Attorney General, and W. P. HUGHES for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellant Ben (*alias* Spider) Stephens was indicted for and convicted of the crime of grand larceny, and he appeals from the judgment and the order denying him a new trial. The grounds upon which a reversal of the judgment is sought are:

The court erred to the prejudice of the substantial rights of the appellant, when it (1) overruled the demurrer to the indictment; (2) failed to peremptorily direct an acquittal; (3) admitted incompetent testimony against the accused; (4) excluded competent testimony in behalf of accused; (5) abused its discretion in denying him a new trial.

(a) The grounds upon which it is insisted, that the indictment is insufficient and defective, is that it fails to describe the property alleged to have been stolen with the certainty required by section 124 of the Criminal Code. The indictment describes the stolen property as "three hundred and forty-one dollars in good and lawful money of the United States and of the value of three hundred and forty-one dollars, a better description of which is to the grand jury unknown, same being the personal property of the Illinois Central Railroad Company and of greater value than twenty dollars." Section 124 of Criminal Code prescribes that the facts about which the indictment must be direct and

certain are, (1) "the party charged," (2) "the offense charged," (3) "the county in which the offense was committed," and (4) "the particular circumstances of the offense charged, if they be necessary to constitute a complete offense." The provisions of section 122, subsection 2, of the Criminal Code provides that an indictment, with reference to the acts constituting the offense, must contain "A statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended; and with such degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case." It has been held, furthermore, that the indictment in setting forth the acts constituting the offense must do so with sufficient precision "to enable the accused to understand the charge and without surprise to prepare for defense against the proof which may be admissible to sustain the specific charge and to make the verdict and judgment certainly available as a bar to any subsequent prosecution for the same criminal act." Rhodus v. Com., 2 Duv. 159; Clary v. Com., 163 Ky. 48. Formerly in indictments for the larceny or embezzlement of money, United States currency or bank notes, it was held, that a statement of the acts constituting the alleged crime must contain a description of the money, currency or bank notes alleged to have been stolen or embezzled which should be specific as to the denomination, number and value of the coins, currency or bank notes and nothing short of such a description was sufficient to apprise an accused of the testimony admissible against him upon the trial, or to constitute a bar to a subsequent prosecution. This extreme precision was found to be in reality an obstruction to a just administration of the criminal laws and ordinarily useless in enabling the accused to prepare his defense, or to make a judgment upon such an indictment available as a defense to a prosecution for the same criminal acts. This view resulted in a legislative determination of the precision necessary in the description of money, alleged to be stolen or embezzled in an indictment for either larceny or embezzlement, so as to promote an efficient administration of the law and safeguard the rights of the accused. This legislative determination is embraced in section 135 Criminal Code, which is, as follows: "In an indictment for the larceny or embezzlement of money, or United

States currency, or bank notes, it is sufficient to allege the larceny or embezzlement of the same, without specifying the coin, number, denomination or kind thereof.'' Since the enactment of the section of the Code, *supra,* such a description of the property alleged to have been stolen as is contained in the indictment in the instant case has been consistently held to be sufficient on demurrer. Com. v. Mann, 12 R. 477; Travis v. Com., 96 Ky. 77; Bailey v. Com., 22 R. 512; Todd v. Com., 29 R. 473; Stone v. Com., 24 R. 10; Bailey v. Com., 130 Ky. 301; Clary v. Com., *supra;* Jones v. Com., 13 Bush 356; Schlitbaum v. Com., 26 R. 52; Hayes v. Com., 173 Ky. 188; Cosby v. Com., 186 Ky. 503.

(b) The contention that there was a variance between the allegations of the indictment and the proof, which required the court to have directed a verdict for the accused presents a question, which has not been heretofore considered by this court. The evidence introduced to support the indictment proved that the property stolen consisted of United States currency and probably bank notes. Seven bills were of the denomination of twenty dollars, sixteen bills were of the denomination of ten dollars, eight of the denomination of five dollars and one of one dollar. Two or more of the bills were gold certificates, and one was a silver certificate.

It is insisted that the currency proven to have been stolen was not ''good and lawful money of the United States,'' as described in the indictment, and hence there was a fatal variance between the allegations of the indictment and the proof offered to support it; that United States currency is not money and the proof of its larceny is not evidence of the larceny of money. Putting aside any technical or scientific definition of money, it suffices to say, that in the usual acceptation of the term, money, and the sense in which it is commonly and universally understood and used, it includes gold, silver, nickel and copper coins, currency of the United States and bank notes and in fact every species of the representative of values, which is used as a circulating medium, by the authority of the laws of the United States. In the statutes enacted by the general assembly when the term, money, is used, coins and currency as well as bank notes, authorized by laws of the United States, are included. Section 137, Criminal Code, provides: ''The words used

in an indictment must be construed according to their usual acceptation in common language, except words and phrases defined by law, which are to be construed according to their legal meaning." Hence, proof of the larceny of United States currency, is not a failure to prove the larceny of "good and lawful money of the United States;" neither would, such evidence be cause of surprise to one accused of stealing money, and a judgment rendered in such a prosecution would be available as a complete bar to a prosecution for the same criminal actions. A more narrow construction of section 135, *supra,* would not satisfy the evident intention of the legislature, nor cure the trouble it was enacted to remedy. Cosby v. Com., 186 Ky. 503; Hayes v. Com., 173 Ky. 188.

(c) A witness for the appellant was asked upon cross-examination, if he had not been a witness for the appellant in a number of cases, and the witness was permitted to answer over the objection of appellant that he had been a witness for him one time theretofore. It is insisted that this was prejudicial to the substantial rights of the appellant, in that it is not permissible upon the trial of one, upon a charge of guilt of an offense to prove, that he has been theretofore guilty of another offense. There is no doubt of the correctness of this contention, except in certain states of case, but there was no attempt to prove that the appellant had been guilty of any other offense or had theretofore been tried for any offense. For all the answer of the witness proved, it may have been a civil action in which he testified for appellant. The question was intended to show the partiality of the witness, but failed to do so and was not prejudicial. Com. v. Welch, 111 Ky. 537; Hayden v. Com., 140 Ky. 634.

(d) The appellant inquired of a witness, if he on the day preceding the one upon which the larceny of which he was accused, was committed, did not offer to buy an automobile from the witness. An objection to the witness making an answer was sustained, and the witness was not permitted to answer, and the appellant complains. It is not apparent how an answer to the question could be competent, and besides no avowal was made as to the answer expected, and hence the competency of the expected answer can not be determined.

(e) The appellant, also, insists that the court erred to the prejudice of his substantial rights in denying him a new trial upon the ground of newly discovered evidence in his behalf. The affidavits of two persons purporting to be witnesses, who were discovered after the trial and verdict, were filed, and from the affidavits, it appears, that they will make statements tending to impeach and contradict the testimony of two witnesses, who testified for the Commonwealth upon the trial. As a general rule a new trial will not be granted because of newly discovered evidence which has no other effect, except to impeach a witness, who has testified upon the trial, and in such a state of case a new trial will not be granted unless the discovered evidence is of such an unerring and permanent character, as to have a decisive influence upon the effect of the testimony sought to be overturned by it. Jones v. Com., 158 Ky. 533; Ellis v. Com., 146 Ky. 715. It, however, appears, that upon the hearing of the motion for a new trial witnesses were called who gave testimony, which was reduced to writing and made a part of the record. This method of hearing evidence upon a motion for a new trial was approved in the late case of Barnes v. Com., 179 Ky. 725. This evidence is not brought up by the appellant, and in its absence, it can only be presumed, that it was of such a character as to justify the judgment of the court, denying a new trial, on the ground of newly discovered witnesses.

The judgment is therefore affirmed.