## Fugate v. Commonwealth.

December 17, 1948.

816

Francis M. Burke for appellant.

A. E. Funk, Attorney General, Zeb A. Stewart, Assistant Attorney General, and J. B. Clark, Commonwealth Attorney, for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

Appellant, Florence Fugate, was jointly indicted with Travis Statton for the crime of grand larceny. Upon her separate trial she was found guilty and her punishment fixed at 1 year in the penitentiary. She appeals seeking reversal on: (1) Error of the court in overruling appellant's motion for a directed verdict, (a) because the appellant was the wife of Damond Fugate, the prosecuting witness, at the time she is alleged to have committed the offense of grand larceny, and (b) the evidence was not sufficient to authorize submission of the case to the jury on the question of her guilt. (2) The court erred in overruling the demurrer to the indictment. (3) Error of the court in the admission of incompetent evidence and in denying appellant's motion to exclude such evidence. (4) Error of the court in denying appellant's motion to set aside the swearing of the jury because of incompetent and prejudicial evidence offered by the Commonwealth and admitted by the court. (5) Error of the court in the instructions submitting the case and failure of the court to instruct on the whole law of the case.

The only witness introduced at the trial was Damond Fugate, husband of appellant. The pertinent parts

of his testimony will be discussed in connection with our consideration of the respective grounds urged above.

It is insisted the court erred in overruling the demurrer to the indictment. Let us look at the language of the indictment. It reads that the defendants "did with force and arms, unlawfully and feloniously take, steal and carry away goods, wares, merchandise, and other articles including clothes, a better description of which is to the grand jury unknown, of the value of more than twenty ($20.00) dollars, the personal property of Damond Fugate, with the felonious and fraudulent intent then and there to convert the same to their own use, and to permanently deprive the said owner of his property therein, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky." Obviously, appellant's criticism of the above is without merit since the indictment follows the language of the statute.

It is further urged that the court erred in overruling appellant's motion for a directed verdict because appellant, being the wife of Damond Fugate, the prosecuting witness, could not steal from her husband. This theory is based on the common law rule that a husband and wife are regarded in law as one person and cannot be guilty of larceny in taking each other's property. Ordinarily, at common law, one spouse cannot commit larceny of the other's property. The husband could not steal from the wife because, under the common law rule, upon marriage her personalty vested in him. On the other hand, since a wife has an interest in her husband's goods by virtue of the marriage relationship while she resides with him, she cannot, consequently, be guilty of stealing from her husband. Some jurisdictions, however, place qualifications upon this rule. For example, when a wife commits adultery she has determined her quality of wife and has no longer any property in her husband's goods. Some take a contrary view to this. However, it must be noted that in recent times there has been a great enlargement of a married woman's property rights as against her husband. The authorities are in conflict as to whether the Married Woman's Acts and other statutes enlarging the property rights of married women change the common law rule. However, the tendency, according to the weight of authority, seems to be that the statutory granting to a

married woman exclusive control and authority over her personal property was to sever the unity of person and the community of property existing between husband and wife. See 32 Am. Jur., Larceny, Section 55. Also Annotated Cases 55 A. L. R. 558. Under our statutes a married woman may acquire and hold property, real and personal, by gift, devise, descent, or purchase, and may in her own name, as if she were unmarried, sell or dispose of her property, make contracts, sue and be sued, as a single woman. KRS 404.020. This statutory enlargement of a married woman's property rights, we think, abrogates the common law rule. We conclude, therefore,. that a spouse can be guilty of larceny for taking the other's property.

It is next insisted there was a fatal variance between the indictment and the evidence. It is noted from the words of the indictment above that defendant was charged with stealing and carrying away ''goods, wares, merchandise, and other articles including clothes, a better description of which is to the grand jury unknown.'' When Damond Fugate undertook to testify about $1500 that had been taken, appellant vehemently objected to the introduction of such testimony as there was nothing in the indictment to suggest that currency had been stolen. Section 135, Criminal Code of Practice, provides that in an indictment for the larceny of money it is sufficient to allege the larceny without specifying the coin, number, denomination or kind thereof. The only language in the indictment which could possibly have included currency is ''other articles including clothes.'' This by no means is definite or certain enough to inform the accused that she was charged with taking currency. Had the evidence merely showed a variance in the amount of currency from that alleged in the indictment, th's would have been immaterial where it did show a sufficient amount to sustain a conviction of grand larceny. See Alder v. Commonwealth, 277 Ky. 136, 125 S. W. 2d 986: and Stephens v. Commonwealth, 188 Ky. 824, 224 S. W. 364. Thus, it will be seen that there is a variance here between the evidence concerning the $1,500 and the indictment. Such evidence should have been excluded. It would have been easy indeed to have included in the indictment the term currency, and thus have eliminated this question.

In the next place the prosecuting witness was permitted to testify about the taking of an automobile. He testified that this automobile was licensed in his wife's name. Certainly she came lawfully into possession of the automobile. We held in Smith et al. v. Commonwealth, 96 Ky. 85, 27 S. W. 852, 49 Am. St. Rep. 287, that a person who is lawfully in possession of an article cannot be guilty of larceny unless at the time it was placed in possession the intent to steal was in the mind of the possessor. There the court said:

"The general and common-law rule is that when property comes lawfully into the possession of a person, either as agent, bailee, part owner, or otherwise, a subsequent appropriation of it is not larceny, unless the intent to appropriate it existed in the mind of the taker at the time it came into his hands."

This testimony, no doubt, was extremely prejudicial and most certainly should have been excluded from the jury. For these reasons this judgment will have to be reversed.

We briefly consider some of the other questions which we think should be disposed of on this appeal, first among which is that there is not sufficient evidence to take the case to the jury. In this we must disagree with appellant's contention. The evidence shows that on the morning the act was allegedly committed the prosecuting witness left his home about 6 o'clock, leaving his wife at home; that upon his return from work in the afternoon at 4 o'clock he found that all household goods, his clothes, everything had been moved; that he had been left with only two shirts; and that 9 weeks and 2 days thereafter this husband learned that his wife and her codefendant were in Juarez, Mexico, where she had instituted action for a divorce.

Complaint is next made of the instructions. We have carefully considered Instruction No. 1 and find that it follows the language of the indictment and the evidence. It appears properly to meet all requirements.

Complaint is next made as to Instruction No. 2, wherein the court instructed:

"If, however, you believe from the evidence in this case that at the time the defendant took and carried

away the property described in Instruction No. 1, if she did so, the defendant and the prosecuting witness, Damond Fugate, were man and wife, you will find the defendant not guilty; unless you should further believe and find that at the time she took and carried away the above described property, if she did so, she did so with the intention of abandoning and deserting her husband, the said Damond Fugate, with the intent to permanently refuse to live and cohabit with him further as husband and wife."

A careful reading of this instruction shows it to be favorable rather than unfavorable to appellant, and had there been no error in the admission of the evidence in variance to the indictment, we could not say that it was prejudicial although there was no reason to have given it. It appears that this instruction was more in line with certain qualifications to the common law rule and the English idea under a specific English Statute which provides that a wife could be guilty of larceny against her husband if at the time she took the property and carried it away she did so with the intention of abandoning and deserting her husband with the intent permanently to refuse to live and cohabit with him. In view of the conclusion above, that a wife can steal from her husband, Instruction No. 2 will be unnecessary in another trial of the cause.

For the reasons stated above, the judgment is reversed for proceedings consistent herewith.