James W. HOLSCLAW, Appellant,

v.

**KENILWORTH INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

Oct. 22, 1982.

Discretionary Review Denied Feb. 9, 1983.

William A. Miller, Sr., Louisville, for appellant.

J. David Niehaus, J.D. Raine, Jr., Louisville, for appellee.

Before HOGGE, WILHOIT and WINTERSHEIMER, JJ.

HOGGE, Judge.

Patricia Holsclaw was driving a vehicle insured by the appellee, Kenilworth Insurance Company, when the vehicle left the road and overturned. As a result of Miss Holsclaw's death from the accident, Kenilworth paid certain funeral and medical expenses. Subsequently, her father, James Holsclaw, filed suit in Jefferson Circuit Court against Kenilworth, seeking survivor's replacement services loss and survivor's economic loss. The Jefferson Circuit Court rendered a summary judgment for Kenilworth, and Mr. Holsclaw appeals.

The material facts of this case are, as the appellant indicates, simple and undisputed. At the time of Miss Holsclaw's death at age 27, she was residing with her father and working for Holsclaw Transfer Company, a Kentucky Corporation. Mr. Holsclaw does not base his claim for survivor's benefits on Miss Holsclaw's contributions to the home or to personal needs of the family. (She did not pay for room or board and there is no claim as to other contributions). Rather, the claim is based on testimony that Miss Holsclaw worked for Holsclaw Transfer Company, of which her father was the sole shareholder, at a salary which was less than the true value of her services, as indicated by the fact that she had replaced a more highly paid employee. Miss Holsclaw worked for the company for less than the normal salary because of her relationship with her father and due to the expectation of eventually inheriting the business. As a result of her death, there has been a loss of services, and some of the services she performed will have to be replaced at a higher cost.

The following definitions may be found in the Kentucky Revised Statutes for the terms "survivor's economic loss" and "survivor's replacement services loss.":

(d) "Survivor's economic loss" means loss after decedent's death of contributions of things of economic value to his survivors, not including services they would have received from the decedent if he had not suffered the fatal injury, less expenses of the survivors avoided by reason of decedent's death.

(e) "Survivor's replacement services loss" means expenses reasonably incurred by survivors after decedent's death in obtaining ordinary and necessary services in lieu of those the decedent would have performed for their benefit if he had not suffered the fatal injury, less expenses of the survivors avoided by reason of the decedent's death and not subtracted in calculating survivor's economic loss. [KRS 304.39–020]

In examining these definitions, we observe that the definition of survivor's economic loss refers to a "loss . . . to his *survivors.*" Survivor's replacement services loss refers to expenses incurred *by survivors* in obtaining services in lieu of those the

decedent would have performed for the *survivor's* benefit. Unquestionably James Holsclaw is a survivor of his daughter Patricia Holsclaw. However, the loss was not to him but to the corporation. It was the corporation which would incur expense in obtaining services in lieu of those which Miss Holsclaw would have performed as an employee of the corporation.

Although James Holsclaw is the sole shareholder of the corporation, Holsclaw Transfer Company, a corporation is generally recognized as an entity which is distinct from its shareholders, officers and directors. *White v. Winchester Land Development Corporation,* Ky.App., 584 S.W.2d 56 (1979). A stockholder, even if he owns all of the corporate stock, cannot ignore the existence of the corporation and deal with its property as his own. *Laine v. Commonwealth,* 287 Ky. 134, 151 S.W.2d 1055 (1941). Courts are reluctant to disregard the corporate entity. *White, supra; Thermothrift Industries, Inc. v. Mono-Therm Insulation Systems, Inc.,* Ky., 450 F.Supp. 398 (D.C.Ky.1978). In certain instances—for example, where the corporate entity is serving as a shield for the fraudulent acts of individuals—the corporate veil will be pierced. *Com. ex rel. Beshear v. ABAC Pest Control, Inc.,* Ky.App., 621 S.W.2d 705 (1981). However, the appellant cites no case in which the corporate entity has been disregarded in circumstances similar to these. Under the circumstances, Mr. Holsclaw was not entitled to benefits for survivor's economic loss and survivor's replacement services loss as a result of his daughter's contributions to Holsclaw Transfer Company, Inc. In view of the fact that there was no genuine issue of material fact, and that the appellee was entitled to judgment as a matter of law, the circuit court did not err in granting the appellee's motion for summary judgment. CR 56.03.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.