Pros Davis v. The State.

No. 4232.     Decided February 26, 1908.

**1.—Theft From Person—Jury and Jury Law—Jury Wheel—Bill of Exceptions.**

Where upon appeal from a conviction of theft from the person, the bill of exceptions did not show that appellant proved or would have proved the facts stated in the bill, in respect to drawing the jury from jury wheel, the same can not be considered. Besides the court shows that there was no error in the drawing of the jury.

**2.—Same—Evidence—Former Conviction—Credibility of Witness.**

Where upon trial for theft from the person, the record showed that the defendant had not been out of the penitentiary more than three or four years, the same was not too remote to affect his credibility as a witness.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of theft from the person; penalty, two years confinement in the penitentiary.

The opinion states the case.

*Marsene Johnson* and *Aubrey Fuller,* for appellant.—General laws of Texas, 1907, chapter 139, section 4. On question of former conviction: Busby v. State, 48 Texas Crim. Rep., 83, 86 S. W. Rep., 1032; Bowers v. State, 71 S. W. Rep., 284; 1 Greenleaf Ev., 16 ed., page 925, sec. 459.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of theft from the person and his punishment assessed at two years confinement in the State penitentiary.

Bill of exceptions No. 1 shows the following: In support of his motion to quash the panel of jurors tendered him for selection, appellant offered to prove by the Hon. Edwin Bruce, Clerk of the Criminal District Court of Galveston County, Texas, that he was not present when said names or any of them were drawn from the jury wheel provided by law for that purpose; that he had at that time no deputies. And, further, defendant, offered to prove in this connection by the sheriff of Galveston County, that said sheriff, on the second day of said court, and in the week in which defendant was tried, summoned six of the jurors whose names appeared on the list, as talesmen, and that the names of said six persons had not been drawn out of the jury wheel provided by law for that purpose by any person. Whereupon the court overruled defendant's said motion to quash said panel of jurors and forced the defendant to select the jury from the names tendered him. This bill has the following qualification: "The jurors drawn from the wheel was done by myself, Judge of said court; the district clerk of Galveston County (J. C. Gengler), and a deputy sheriff of said county; and regularly drawn as the court construed the law to mean. The talesmen were summoned by the sheriff who had first been sworn to do so, and in accordance with law." The condition of this bill, we hold, in the first place, is defective, in that it says, appellant "offered to prove" an does not say he would have proved or that he did prove. Furthermore, with the qualification of the court there could have been no error in the ruling complained of. The bill being defective, we are not called upon to pass upon the validity of the law.

Bill of exceptions No. 2 complains that appellant objected to the proof offered by the State that appellant was convicted in 1901 of a felony, and served a term of two years in the State penitentiary. The objection to said testimony being that it was too remote to effect the credibility of the witness. This testimony has been held by this court to be admissible. If it had been ten or fifteen years, probably appellant's objection would have been tenable, but certainly six years is not too

remote. If the appellant was convicted in 1901, and stayed there two years, then it is clear that he has not been out of the penitentiary more than three or four years.

Appellant further insists, that the evidence is insufficient. This is not correct. The evidence is ample to support the verdict, and the judgment is affirmed.

*Affirmed.*