### D. J. NEWELL v. THE STATE.

#### No. 1664.  Decided April 3, 1912.

**1.—Aggravated Assault—Conflict of Testimony.**

Where, upon trial of aggravated assault, the evidence was conflicting, but sufficient to sustain the conviction, there was no error.

**2.—Same—Evidence—General Reputation—Single Acts of Unchastity.**

Where, upon trial of aggravated assault, defendant had placed his general reputation for virtue and chasity in issue, there was no error in admitting in evidence separate instances of unchastity which had occurred some five or six years previously.  Following Davis v. State, 52 Texas Crim. Rep., 629, 108 S. W. Rep., 667; Forrester v. State, 38 Texas Crim. Rep., 245.

Appeal from the County Court of Stephens.  Tried below before the Hon. N. N. Rosenquest.

Appeal from a conviction of aggravated assault; penalty, a fine of $50.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, and *W. P. Sebastian,* for the State.  Cited cases in opinion.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of aggravated assault, his punishment being assessed at a fine of $50.

We deem it unnecessary to go into a statement of the evidence. The assault was alleged to have been committed upon Mrs. Hill, she being a female and the defendant an adult male.  Under her testimony the assault was committed at her home in the absence of her husband by defendant placing his hands on one of her legs or thighs

and pressing it several times. Appellant was a doctor and had been for years the family physician of Hill and his wife, and had gone there that day at the request of prosecutrix' husband to see a sick child. Hill himself, who requested appellant to visit his sick child, was going over into the edge of an adjoining county. Upon reaching the house of prosecutrix, appellant took the child to a window and looked at it, and then brought it and placed it in its mother's lap, and after so doing he placed his hands on her thigh several times and pressed it, and made insulting proposals to her. This he denied most emphatically, and thus the issue was formed.

There is a bill of exceptions in the record which recites that while Mrs. Hill, prosecutrix, was on the stand, she was permitted, after defendant's general reputation for chastity and virtue had been put in issue by the defense through this witness on her cross-examination, over objection of appellant, to testify to the following facts: "W. J. Hughes and his wife separated about five or six years ago, and I heard that they separated the night after Dr. D. J. Newell, the defendant, had Mrs. W. J. Hughes to ride with him in a buggy." Objections were urged to this testimony that it was too remote from the alleged commission of this offense, and further that it was only hearsay and did not relate to the general reputation of defendant, but only what some party may have told her, and the court overruled the objections. Error is assigned upon this ruling of the court. We are of opinion that under the circumstances of this case the court did not err. With regard to the remoteness of the testimony, the question was decided adversely to appellant in Davis v. State, 52 Texas Crim. Rep., 629, 108 S. W. Rep., 667. Other cases might be cited. See also White v. State, 57 Texas Crim. Rep., 196, 122 S. W. Rep., 391.

On the other phase of the objection, that is, that it was only hearsay and did not relate to the general reputation of the defendant, but only what some party may have told her, we refer to Forrester v. State, 38 Texas Crim. Rep., 245, to sustain the ruling of the trial court. The doctrine announced in the Forrester case was sustained in Hopperwood v. State, 39 Texas Crim. Rep., 15. The reasoning for sustaining these propositions is found in the cited cases. It is unnecessary here to review those matters and cite the cases reviewed in those cases.

There was evidence impeaching the statements of the prosecuting witness. The credibility of the witnesses and weight to be given their testimony is for solution by the jury, and they have decided these matters against appellant. Where there is a conflict of evidence the jury is the tribunal in Texas that settles those matters.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*