## McCreary v. Commonwealth.

(Decided April 29, 1914.)

### Appeal from Barren Circuit Court.

1. **Criminal Law—Carnal Knowledge of Female Under Sixteen Years Old—Indictment—Time of Commission of Felony Not Material.—** Upon the trial of one charged with having carnal knowledge of a female under the age of 16 years, the indictment charging the crime to have been committed on the —— day of ————, 1912, and the evidence showed its commission in 1909 or 1910, before the passage of the Indeterminate Sentence Act, it was not necessary, as contended upon appeal, that the jury should have been instructed under the Indeterminate Sentence Act, for in charging a felony time is not material; the Commonwealth may prove the commission of the offense at any time prior to the finding of the indictment.

2. **Criminal Law—Carnal Knowledge of Female Under 16 Years of Age—Evidence.—** Upon a trial of one charged with having carnal knowledge of a female under 16 years of age, while the defendant has the right before trial to know the particular act upon which the prosecution will rely, when it has made selection it may then show other similar acts between the parties within a reasonable time before or after the one selected as corroborative of the main act involved.

3. **Criminal Law—Carnal Knowledge of Female Under 16 Years of Age—Evidence.—** Upon the trial of one charged with having carnal knowledge, it was prejudicial to him to permit evidence of the prosecutrix's guilt with other men. The question of her relationship with other men was not involved. It was likewise improper to permit evidence of defendant's alleged misconduct toward other women, as such evidence was not competent as bearing upon his guilt of the offense charged.

ALLEN SANDIDGE, SIMS & RODES and PORTER & SANDIDGE for appellant.

JAMES GARNETT, Attorney General, CHARLES H. MORRIS, Assistant Attorney General, VIRGIL H. BAIRD and BAIRD & RICHARDSON for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

Appellant, a man fifty years of age, was indicted, tried, and convicted in the Barren Circuit Court charged with having carnal knowledge of a female under sixteen years of age, under the provisions of section 1155 of the Kentucky Statutes, which are as follows:

"Whosoever shall carnally know a female under the age of sixteen years, or an idiot, shall be confined in the

penitentiary not less than ten nor more than twenty years.''

The evidence disclosed that in August, 1909, the defendant, together with his married daughter, went to Louisville with the avowed purpose of securing from some Orphans' Home a girl to live with appellant and his wife, and that after visiting two or three institutions of this character they went to the Baptist Orphans' Home, and he and his daughter there selected a child named Mattie Dankhoff, then between twelve and thirteen years of age, and arranged with the authorities of the institution to send her to his home at Cave City, in Barren County, which was done on or about the first of September, 1909.

The girl testifies that about two weeks after she reached appellant's home he began to hug and kiss her. and ''make over'' her, and continued to do so for some months; and that, when she had been there about four months, one night after she had gone to bed in a room up stairs where she and appellant and his wife all slept, appellant in the absence of his wife came to the room and came to her bed and inserted some sort of a steel instrument in her person, and after leaving it there about five minutes withdrew it, and then got in bed and had intercourse with her; that at the time she was about thirteen years of age, and he continued these relations with her as often as three of four times a week, when the opportunity offered, until May or June, 1913.

The indictment charges the commission of the crime on the .......... day of ....................., 1912, but the Commonwealth proved the commission of the offense in 1909 or 1910 as above stated.

The first error complained of by appellant is that the indictment charges the commission of the offense at a time when the Indeterminate Sentence Law was in effect, and that the jury should have been instructed under that law, although the evidence showed that the crime for which he was tried was committed in 1909 or 1910 before the Indeterminate Sentence Law went into effect.

Section 129 of the Criminal Code provides:

''The statement in the indictment, as to the time at which the offense was committed, is not material further than as a statement that it was committed before the time of finding the indictment, unless the time be a material ingredient in the offense.''

In charging a felony time is not material, for the Commonwealth may prove the commission of the offense at any time prior to the finding of the indictment, and it has been held by this court that the defendant must be tried under the law in effect at the time the offense was committed. Miller v. Commonwealth, 154 Ky., 205; Hunn v. Commonwealth, 143 Ky., 143.

Instruction No. 1 is complained of by appellant, because, as alleged, it gave undue prominence to certain testimony of the prosecuting witness, and singled out and referred specifically to certain parts of her testimony.

The instruction in full is as follows:

"If you believe from the evidence to the exclusion of a reasonable doubt that, in Barren County, about four months after the witness, Mattie Dankhoff, first went to the home of the defendant and on the occasion when she testified he first inserted an instrument into her person, the defendant, J. C. McCreary, had carnal knowledge of said Mattie Dankhoff and she was then under sixteen years of age, you should find the defendant guilty of carnally knowing a female under sixteen years old, and fix his punishment at confinement in the penitentiary for any time not less than ten years nor more than twenty years."

It was necessary for the court to require the Commonwealth to select one certain time at which appellant was alleged to have committed this crime, and the time selected was the one referred to in the instruction, and the reference in the instruction to the occasion when the prosecuting witness testified he inserted the instrument in her person, was only used so that the jury might be confined in its verdict to the crime alleged to have been committed upon that particular occasion.

The prosecuting witness was permitted by the court to testify, over defendant's objection, not only to numerous acts of intercourse between them, other than that upon which he was being tried, extending over a period of three and one-half years, but in many instances permitted her to go into the details as to the time, place and surroundings, and this is bitterly complained of by appellant.

In the case of Newsom v. Commonwealth, 145 Ky., 627, there was an indictment under this same statute for having carnal knowledge of a female under sixteen years of age, and the court specifically held in that case

that while the defendant had the right before the trial to know the particular act which the Commonwealth would rely upon to secure his conviction, when the Commonwealth has made this selection, it may then show other similar acts between the parties within a reasonable time, before or after the one selected, as corroborative of the main act involved. In proving the corroborative acts we are unable to see how going into their details could have been wholly avoided. The essential thing, however, was the commission of the corroborative acts, and the court should have avoided going into unnecessary details which do not, in themselves, afford such corroboration.

It is complained of as error for the court to allow evidence that appellant's wife was a paralytic and an invalid; but we fail to see the force of this. It is not difficult to see how this evidence might afford a motive for the commission of the crime charged; and any evidence which furnishes a motive for the commission of the offense charged is always competent.

It is further contended that it was error to permit the prosecuting witness to testify over appellant's objection, that she had never had carnal knowledge of any man except appellant, and that said statement, taken in connection with the evidence of two physicians that they had examined her during the trial, about three and a half years after the act in question, and that she was not then a virgin, was highly prejudicial. Under the charge against appellant, and by the terms of the statute under which he was tried, his guilt or innocence in no sense depends upon whether the prosecuting witness had at any time before or after the occasion in question, had intercourse with other men; it was foreign to the case, and elucidated no issue in it, but merely offered an opportunity to the attorneys for the Commonwealth to argue that inasmuch as her evidence showed that she had never had any intercourse with any other man, and the evidence of the physicians showed that she *had* had intercourse with *some* man, evidence of the prosecuting witness which was foreign to the issue thereby became very prejudicial to the appellant, especially in view of the fact that the court subsequently refused appellant the right to show specific acts of lewdness and improper conduct upon the part of the prosecuting witness with persons other than appellant. Under the facts of this case the admission of this testimony was prejudicial

· ·error, and upon· another trial the court will exclude it : along. with all other. evidence bearing upon the relations of the prosecuting witness with men other than appellant.

The question of her chastity or of her relationship with other men is in no sense involved. Any attack made upon her character should be confined to her general reputation for truth and morality.

Appellant on the trial introduced many witnesses to prove his character, and the Commonwealth was permitted upon the cross-examination of such witnesses to ask questions not only as to particular phases of appellant's general reputation, but as to specific acts and things which they had heard people mention in connection with and in talking about him; for instance, the court, over appellant's objection, permitted the attorneys for the · Commonwealth to ask such witnesses if they had ever heard of a certain occasion when appellant had made advances to a certain woman in the neighborhood, and if they had ever heard of another occasion when he was said to have made improper proposals to a certain other woman in the neighborhood, and if they had ever heard of still another occasion when appellant was said to have kissed a certain other woman, and so on, referring to at least six or eight similar alleged occurrences, giving the names of the women and the places where such alleged incidents happened.

Manifestly such evidence can not be competent as bearing upon the guilt ·of the accused, for it tends to prove no direct issue involved; but such evidence is held to be competent for the sole purpose of testing the accuracy· and candor of the character-witness.

Cyc., Vol. 16, page 1280, states the rule thus:

"In criminal cases a witness who testifies to a good reputation of accused may be tested by asking, on cross-examination, as to reports which he has· heard, or facts otherwise known to him, or as to what he has himself said at a particular time and place as to matters affecting the character of the person about whom inquiry is made, or what the reputation is in connection with certain specific transactions within the. reasonable range of the direct examination; the object of this line of inquiry being, not to discredit the person whose reputation is involved, the facts so elicited, as in civil cases, not being evidence on ·the issue, but to test the accuracy and candor of the witness himself."

The case of Moulton v. State of Ala., 6 L. R. A. (o. s.), 301, was where a character-witness for the defendant was permitted to state on cross-examination specific acts or conduct of the defendant whose character was in issue. The court declared that such specific acts were incompetent evidence; but in discussing an exception to that general rule, it said:

"Opinions, therefore, and rumors and reports, concerning the conduct or particular acts of the party under inquiry, are the source from which in most instances the witness derives whatever knowledge he may have on the subject of general reputation; and, as a test of his information, accuracy and credibility, but not for the purpose of proving particular acts or facts, he may always be asked, on cross-examination, as to the opinions he has heard expressed by members of the community, and even by himself as one of them, touching the character of the defendant or deceased, as the case may be, and whether he has not heard one or more persons of the neighborhood impute particular acts, or the commission of particular crimes, to the party under investigation, or reports and rumors to that effect."

But, the introduction of such evidence should be accompanied by an admonition from the court, that it is only competent for the purpose of testing the knowledge or information of the witness as to the general reputation of the defendant, and is in no sense to be construed by the jury as substantive evidence of the defendant's guilt of the charge involved. In this case no such admonition was given.

The prosecuting witness was permitted to testify that after the arrest of the appellant she had been sent back to the Baptist Orphans' Home at Louisville, and that she had been removed from that place to the Industrial School "to be protected" from the appellant. Clearly this was a pure conclusion of the witness, and upon another trial should be excluded.

As there must be another trial of this case we have purposely refrained from any discussion of the evidence in detail. But, for the reasons given the judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.