(No. 2344.   Oct. 24, 1919)

## STATE v. HAWKINS

### SYLLABUS BY THE COURT

1.   Alleged improper remarks of counsel in his argument to the jury, not made a part of the record on appeal by bill of exceptions, will not be considered.          P. 515

2.   Where a witness has testified as to the general reputation of the accused, it is competent to inquire of him, on cross-examination, as to whether he has heard reports of particular instances which are inconsistent with the reputation to which he has testified and the character which he has attributed to him.          P. 516

Appeal from District Court, Union County; T. D. Lieb, Judge.

George Hawkins was convicted of assault with a deadly weapon with intent to kill, and he appeals. Affirmed.

M. B. KEATOR, of Tucumcari, and TOOMBS & TAYLOR, of Clayton, for appellant.

N. D. MEYER, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT

PARKER, C. J. The appellant, George Hawkins, was found guilty of assault with a deadly weapon with intent to kill, in the district court for Union county, and from the sentence imposed upon him has perfected this appeal.

[1] Objections are made by appellant's counsel to the alleged remarks of counsel for the state in his argument to the jury. The Assistant Attorney General contends that the proposition cannot be considered on this appeal because the remarks, if made, were not incorporated in the record by way of bill of exceptions but appear in the transcript as part of the motion for a new trial. He is right in that contention. In State v. Balles, 24 N. M. 16, 172 Pac. 196, we said:

"Alleged remarks of the trial court * * * will not be considered when the same have not been authenticated by having been made a part of the record by bill of exceptions."

The doctrine here announced is analogous to that which applies in this case, being founded upon the same premise. The argument of counsel to which objection is made, not having been properly incorporated in the record on appeal, we will not consider the same.

[2] S. B. Oliver, a witness for appellant, testified that the reputation of the appellant, for truth and veracity and as a law-abiding citizen, in the community in which he lived, was good, adding, "I have never heard

any one speak to the contrary." The record of the cross-examination of the witness on the subject is as follows:

"Q. Did you ever hear about Mr. Broom losing a cow that was found under the haystack? Mr. Toombs: We object to that * * * as incompetent, irrelevant, and immaterial, and has no bearing on this case whatsoever. The Court: He may answer. Mr. Toombs: Exception. Q. Did you ever hear about that? A. Yes. Q. The neighbors talked about that a good deal, didn't they? A. No, sir; I never heard but one speak of it. Q. Who did he say was responsible for putting the cow under the haystack? Mr. Toombs: We object to that as leading, incompetent, irrelevant, and immaterial, and has no bearing on the issues of this case. The court: He may answer. Mr. Toombs: And not proper cross-examination. Exception. A. Well, he said Mr. Hawkins, the man that was telling me, from what he had heard. Q. Then you have heard to the contrary about the good reputation of Mr. Hawkins? A. Well, in that one particular, I reckon I have."

Counsel for the appellant argue that the evidence was inadmissable because it tended to show that the accused had committed a crime distinct from that for which he was being tried.

There are three good answers to the objection of the appellant to the evidence. The objection was not sufficiently specific to raise the proposition argued here. In the second place, the witness said that he had never heard anything to the contrary of appellant's good reputation, and an examination of the witness as to the truth and accuracy of that statement was proper. But we place our decision of the proposition upon the ground that, where a witness has testified as to the general reputation of the accused, it is competent to inquire of him, on cross-examination, as to whether he has heard reports of particular instances which are inconsistent with the reputation to which he has testified and the character which he has attributed to him. The subject is fully discussed in 2 Wigmore on Evid. § 988. The author says:

"The settled rule against impeachment by extrinsic testimony of particular acts of misconduct * * * is to be

distinguished in its application from a kind of questioning which rests upon the principle that the witness' grounds of knowledge   *   *   *   may be inquired into. When witness A. is called to support the character of B. (either as a witness or as the accused), by testifying to his good reputation, that reputation must signify the general and unqualified consensus of opinion in the community.   *   *   *   Such a witness virtually asserts either (a) that he has never heard any ill spoken of him or (b) that the sum of the expressed opinion of him is favorable. Now if it appears that the sustaining witness knows of bad rumors against the other, then, in the first instance, his assertion, is entirely discredited, while in the second instance, his assertion is deficient in good grounds, according to the greater or less prevalence of the rumors. On this principle, then, it is proper to probe the asserted reputation by learning whether such rumors have come to the witness' knowledge; for if they have, it is apparent that the alleged reputation is more or less a fabrication of his own mind. It is to be noted that the inquiry is always directed to the witness hearing of the disparaging rumor as negativing the reputation. There must be no question as to the fact of the misconduct, or the rule against particular facts would be violated, and it is this distinction that the courts are always obliged to enforce, * * *"

The author then quotes from the cases of R. v. Wood, 5 Jur. 225, and Moulton v. State, 88 Ala. 119, 6 South. 759, 6 L. R. A. 301. In the latter case it was said:

"Opinions, therefore, and rumors, and reports, concerning the conduct of particular acts of the party under inquiry, are the source from which, in most instances, the witness derives whatever knowledge he may have on the subject of general reputation; and, as a test of his information, accuracy, and credibility, but not for the purpose of proving particular acts or facts, he may always be asked on cross-examination as to the opinions he has heard expressed by the members of the community, and even by himself as one of them, touching the character of the defendant or deceased, as the case may be, and whether he has not heard one or more persons of the neighborhood impute particular acts or the commission of particular crimes to the party under investigation, or reports or rumors to that effect."

An abundance of cases support the text, some of them being: Newell v. State, 66 Tex. Cr. R. 177, 145 S. W. 939; State v. Wilson, 158 N. C. 599, 73 S. E. 812; Baldwin v. State, 138 Ga. 349, 75 S. E. 324; State v. Davidson, 172 Mo. App. 356, 157 S. W. 890; McCreary v. Common-

wealth, 158 Ky. 612, 165 S. W. 981; Jung Quey v. U. S.
222 Fed. 766, 138 C. C. A. 314; Duhig v. State, 78 Tex.
Cr. R. 125, 180 S. W. 252; Stout v. State, 15 Ala. App.
206, 72 South. 762; Smith v. State, 112 Miss. 802, 73
South. 793; Norris v. State (Ala. App.) 75 South. 718;
State v. Sella, 41 Nev. 113, 168 Pac. 278; Patterson v.
State (Tex. Cr. App.) 202 S. W. 88; Vaughan v. State,
78 South, 378.

In the case of State v. Killion, 95 Kan. 371, 148 Pac.
643, the court said:

"Some complaint is made that witnesses who had testified
as to the general reputation of the defendant, and that it was
good, were allowed to be cross-examined as to whether or
not they had heard that defendant had committed or been
accused of particular acts or misconduct and of being in fights
at certain times. Where witnesses have testified to the good
character of the defendant, it is permissible to inquire of them
whether they have not heard reports of particular instances
which are inconsistent with the good reputation to which
they have testified, and in that way seek to weaken or qualify
the testimony which they have given. [Citing authorities.]"

For the reasons stated, the judgment of the trial court
will be affirmed, and it is so ordered.

ROBERTS and RAYNOLDS, J.J., concur.