SAM WASHBURN v. THE STATE.

No. 8417. Decided May 28, 1924.

Rehearing denied June 25, 1924.

1.—Manufacturing Intoxicating Liquor—Bills of Exception—Practice on Appeal.

Where in a former opinion of the court it declined to consider bills of exception because they were filed too late, but it is made to appear that this

did not result from any negligence on the part of appellant, the same are considered.

### 2.—Same—Evidence—Practice in Trial Court.

The fact that the defendant denied connection with the still, did not render proof relative to it and identifying it in the presence of the jury inadmissible as it was a question of fact for them to determine, and there is no reversible error.

### 3.—Same—Evidence—Search for Utensils, etc.

Upon trial of unlawfully manufacturing intoxicating liquor there was no error in permitting the sheriff to testify that on the morning after the arrest he made search of the surrounding country where he found some five or six places showing evidences of fires built, empty cans, etc., which indicated that stills had been operated in those places near the point where appellant was arrested, etc.

### 4.—Same—Evidence—Cross-Examination of Defendant.

There was no error in permitting the State to elicit from appellant on cross-examination that he had been indicted in the State courts and Federal Courts for violation of the liquor laws in offenses different from that on trial.

### 5.—Same—Charge of Court—Acquittal—Sufficiency of the Evidence.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence sustained the conviction, there was no error in refusing a requested charge to acquit.

Appeal from the District Court of Young. Tried below before the Honorable H. R. Wilson.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Binkley & Binkley,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, Presiding Judge.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three years.

According to the testimony of the sheriff, he and others, during the early hours of the morning, found a still for which they were searching. There were live coals under the boiler. They watched the still until daylight and then found the appellant and a woman lying upon a mattress on the ground about thirty yards distant from the still. There were found about 200 yards distant a box containing a few articles, some cooking utensils and supplies of food. The still was in perfect condition and revealed evidence of recent use. A number of fruit jars were found; and one fruit jar with whisky in it was

found some twenty feet distant from the still in a brier patch. Other equipment for manufacturing whisky consisting of barrels and mash were found near the still. Several of the barrels were empty; several contained mash. In the immediate vicinity there was evidence of burning of several fires, and a number of empty cans were found in the neighborhood. The still was located in a rocky mountainous country. At the time it was captured, it had been disconnected. On the mountain was arranged a place in which a lookout could be maintained.

Appellant testified that he resided about three-quarters of a mile from Copeland's place which was nearby; that he had three children; that two of them had been visiting Mr. Copeland for several days. Mrs. Kiddy, according to the appellant, wanted to go ''over there'' and wash, and he assisted her in taking the clothes, starch, soap, two quilts and a blanket; that when they reached the point at which the sheriff found them, he was taken sick with a spell of heart trouble and remembered nothing until the following morning. He said that he was asleep when the officers arrived; that he had not seen the still; that after he was attacked with the heart trouble his companion was unable to bear the burden of carrying the clothes, and he found it necessary to lie down and take some medicine, which he did. He had gone to the place to work for Copeland and had been there but fifteen days; that he had no interest in the still. He said his health was bad and that he was subject to spells with his heart.

The premises upon which the appellant lived, according to his testimony, belonged to Mr. Copeland and were situated about 100 yards from his house. They consisted of a log cabin, a cellar and granary. Mrs. Kiddy and the children slept in the house while the appellant, his son and brother slept in the granary. According to the appellant's testimony, he and Mrs. Kiddy left home at about 8:30 in the evening; that they did not take the mattress with them.

There were other indictments pending against the appellant for violating the laws prohibiting the liquor traffic.

Some doctors were introduced in evidence upon behalf of the appellant. They attended him while in jail, had examined his heart, and said that he complained of pains in the region of his heart; that he seemed somewhat nervous; that his trouble was obscure.

The fire which attracted the officers and which was observed by them at a distance of fifty yards was, according to the evidence, also observable from the point at which the appellant was found.

The court made two orders extending the time within which to file the bills of exceptions. The second order definitely fixed the expiration date at December 24, 1923. The bills, as they apear in the record, were filed on December 26th. No reason is disclosed for not filing them at an earlier date. The State opposes their con-

sideration, and following the statute and numerous precedents, they must be ignored. Nothaf v. State, 91 Texas Crim. Rep., 378, and authorities therein cited.

While the evidence is circumstantial, it is regarded sufficient to support the verdict of the jury.

Finding no error, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 25, 1924.

HAWKINS, Judge.—In our former opinion we declined to consider the bills of exception because filed after the expiration of the time granted by the court. It is made to appear that the trial judge had been called to California, but expected to return by December 24th, 1923, and definitely fixed the expiration of the second extension at said date. He was detained longer than he expected and did not reach home until December 26th. The bills had been prepared and were ready for submission to the judge long before that time, and it is clear that the failure to get them filed before December 24th was not the result of negligence on the part of appellant. We have therefore concluded that the bills of exception should be considered.

Complaint is made because the sheriff was permitted to identify a still as the one found near the place where appellant was arrested, the objection being that it had not been shown that appellant operated it or had any connection with it. According to the theory of the State the still was the very one used in the commission of the offense charged against appellant. The fact that he denied connection with it did not render proof relative to it nor identifying it in the presence of the jury inadmissible. It was a question for the jury to determine under all the circumstances whether appellant had been guilty of manufacturing liquor with the still.

Complaint is also made because the sheriff was permitted to testify that in the morning after the arrest he made search of the surrounding country covering a radius of about a mile within which he found some five or six places showing evidences of fire having been built, with empty cans and things scattered around, which indicated that stills had been operated in those places, and that within about two hundred yards of the point where appellant was arrested and where the still was located he found some cooking utensils and a table, the objection being in both instances that there was no evidence connecting appellant with the articles so found, nor with the operations of other stills. The case was one depending upon circumstantial evidence, and the State had a right to explore all legitimate avenues which would throw light upon the transaction or tend in any way to connect appellant with the operation of the

still.  The finding of the cooking utensils, table, etc. in the vicinity
where the still was being operated and near where appellant was
arrested was not subject to the objection interposed by appellant.
This was a circumstance to be considered by the jury in connection
with all other circumstances in the case relative to the matter under
investigation.  We see little probative force in the proof as to the
discovery of other places which indicated that stills may have been
operated, either as establishing appellant's guilt or as bearing upon
the case in any way.  But we do not deem the evidence of such
character as calls for a reversal.

Appellant complains in bills of exception three and four because
the State was permitted to elicit from appellant on cross-examination
that he had been indicted in the State courts and Federal courts
for violation of the liquor laws in offenses different from that on
trial.  The bills recite that the indictments were returned in offenses
alleged to have been committed over two years prior to the one for
which defendant was being tried, the objection being that they were
too remote to be admissible for any purpose.  It is nowhere stated
in either of the bills the exact date of the former indictments and
the mere statement that they had been returned over two years
before the present prosecution originated did not bring them within
the principle of remoteness.  Scoville v. State, Texas Crim. Rep.,
77 S. W., 792; Hull v. State, 50 Texas Crim. Rep., 612, 100 S. W.,
403; Davis v. State, 52 Texas Crim. Rep., 630, 108 S. W.. 637;
White v. State, 57 Texas Crim. Rep., 196, 122 S. W., 391.  We ob-
serve that the statement of facts discloses that the indictments about
which appellant was asked were returned about two years before the
present prosecution was instituted and that one of these prior cases
was still pending at the time of the instant trial.  Appellant also
complains at the refusal to instruct the jury peremptorily to return
a verdict of acquittal.  This brings in review the sufficiency of the
evidence which was considered in our former opinion.  We have
again examined the statement of facts, and believe the court not in
error in declining the requested instruction.  It is impracticable
to set out in detail all the facts, but the circumstances proven by
the State were sufficient, we think, to justify the jury in returning
the verdict they did.  Of course, if the jury had accepted as true
appellant's statement explanatory of his presence in the vicinity
of the still it would have relieved the case of the most damaging
circumstance upon which the State relied to connect appellant with
the manufacture of whisky, but there are many things in his state-
ment which would cause the jury to look upon it with suspicion and
justify them in disregarding it as the true explanation of appellant's
presence; for instance, he says his house keeper was on her way to a
neighbor's for the purpose of washing, and that the reason she
wanted to go to the neighbor's to wash rather than do the washing

at home was that the water at the latter place was muddy, but clear at the neighbor's; yet, appellant says they carried with them for three quarters of a mile a bucket of clear water which was found near the mattress upon which appellant and the woman were sleeping. The jury may have had trouble in reconciling the fact that appellant and the woman carried a bucket of clear water three quarters of a mile from a place where the water was muddy, when they were going to a place where there was plenty of clear water. Some quilts were found at the point where appellant and the woman were discovered. Appellant explains the presence of the quilts by saying "they" were taking them to the neighbor's; but a mattress was also found at this point; its presence is not explained in any way. The impression sought to be made upon the jury was that appellant's presence with the woman was the result of a sudden attack of "heart" trouble which unfortunately overtook him in the immediate vicinity of a still the existence of which he was entirely unaware. It would have been most natural for the jury to doubt the story when 'to accept it they must have also believed that by some act of divine providence the mattress had been located at the exact spot where it would be convenient when the "heart" attack came.

The only other bill of exception in the record complains of the action of the court in overruling the motion for new trial. The assignments of error in the motion relate to those things which have heretofore been discussed.

Believing the motion for rehearing presents no matter which would call for a reversal of the judgment, and that the facts are sufficient to authorize a conviction, the motion for rehearing will be overruled.

*Overruled.*