## Wilson v. Commonwealth.

(Decided Sept. 29, 1936.)

HUBERT MEREDITH for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

Appellant appeals from a judgment of the Muhlenberg circuit court sentencing him to the penitentiary for a term of two years for having carnal knowledge of Lodell Jenkins, a female between 16 and 18 years of age, as provided in subsection 3 of section 1155 of the Kentucky Statutes (as amended by Acts 1930, c. 18).

The grounds urged for reversal are that the court erred in its ruling on the evidence and that the instructions were erroneous and prejudicial.

The prosecutrix testified that appellant had sexual intercourse with her at different times and places and that the last act of intercourse was in May, 1934. Thereupon appellant's attorney moved the court to require the commonwealth to elect the time or act of intercourse for which it would prosecute under the charge contained in the indictment. The court sustained the motion to elect and the commonwealth elected to try the appellant for the last alleged act of intercourse, which prosecutrix claimed occurred in May, 1934. After the commonwealth made its election, prosecutrix was permitted to further testify over the objections of appellant that appellant had intercourse with her at various times and places previous to May, 1934, but she was unable to fix the time or place of any of such previous acts. Two witnesses for appellant testified that the prosecutrix told them that she had had intercourse with a man other than appellant previous to May, 1934, and one of them detailed corroborative facts and circumstances, all of which prosecutrix denied.

The court instructed the jury upon both the felony and misdemeanor phases of the case as provided in subsection 3 of the statute supra. It is insisted for appellant that no instructions should have been given authorizing the jury to find appellant guilty of a felony, since, by prosecutrix' own testimony it was conclusively shown that she had been guilty of acts of sexual immorality previous to May, 1934, the act for which appellant was being prosecuted, and that the misdemeanor phase of the case only should have been submitted to the jury. We are unable to agree to the construction of the statute contended for by counsel for appellant. The admitted acts of intercourse by prosecutrix previous to May, 1934, were with the appellant, and we do not think that it is the spirit and intention of the statute to permit a person charged with an offense to benefit by his own

unlawful and immoral conduct. It is our opinion that the previous acts of sexual immorality mentioned in the statutes, supra, means that such acts must have been committed with a man or men other than the accused. It is our conclusion, therefore, that it was proper to submit both phases of the case to the jury.

The next insistence is that if an instruction authorizing the jury to find appellant guilty of a felony was proper, instruction No. 1 given by the court was erroneous. Instruction No. 1 reads as follows:

"The Court instructs the jury if you believe from the evidence to the exclusion of a reasonable doubt that in this county and before the finding of this indictment, the defendant, Connis Wilson, did unlawfully, willfully and feloniously carnally know, one Lodell Jenkins, a female under 18 years of age, not his wife, and with the consent of the said Lodell Jenkins, then you should find the defendant guilty and fix his punishment at confinement in the State Penitentiary for not less than two years nor more than ten years in your discretion."

It will be seen that under the above instruction the jury was permitted to find defendant guilty if it believed from the evidence that appellant was guilty of any of the acts of intercourse with prosecutrix testified to by her, and did not limit the act to the time and place for which the commonwealth elected to try appellant. It was proper for the commonwealth to elect the act for which it would prosecute appellant, and once such election was made the instructions and evidence should have been confined to the elected act. However, it was competent to show other acts of intercourse between the parties within reasonable time before or after the one elected, as corroborative only of the main act involved, and the jury should have been so admonished at the time. McCreary v. Commonwealth, 158 Ky. 612, 165 S. W. 981; Gilbert v. Commonwealth, 204 Ky. 505, 264 S. W. 1095.

Upon another trial of the case the court will give instruction No. 1 in a modified form as above indicated, permitting the jury to find appellant guilty only of the act selected by the commonwealth.

No. 2 instruction should be in the following form: Although the jury believe from the evidence as set out

in instruction No. 1, yet, if you further believe from the evidence to the exclusion of reasonable doubt that the said Lodell Jenkins was, previous to the time set out in instruction No. 1, sexually immoral or of such reputation, with a man or men other than the defendant, you will find the defendant guilty under this instruction and fix his punishment at a fine in any sum in your discretion not to exceed $500.

No. 3. The testimony admitted in this case relating to alleged sexual intercourse by the defendant with the prosecutrix at any time or on any occasion other than that designated in instruction No. 1 is not to be considered by you as evidence in this case for any purpose except you may consider same as corroborating or tending to corroborate, if in your judgment such testimony relating to other acts of carnal knowledge does so corroborate, or tend to corroborate, the testimony in relation to the alleged carnal knowledge at the time and on the occasion as defined in instruction No. 1, and you will not consider same for any other purpose.

No. 4. If upon the whole case the jury have a reasonable doubt of the defendant having been proven guilty, you should find him not guilty, but if you find the defendant guilty, yet entertain a reasonable doubt as to the degree of the offense, then you should find him guilty of the lower offense, under instruction No. 2.

For reasons stated, the judgment is reversed and remanded, with directions to set it aside and grant appellant a new trial, and for proceedings consistent with this opinion.