# Cannon v. Commonwealth.

Oct. 9, 1942.

W. Clarke Otte for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Dan Cannon, was convicted in the Jefferson circuit court, criminal division, of the offense denounced in subsection (3) of section 1155 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, and which consists of having sexual intercourse with a female (not his wife) between the ages of sixteen and eighteen. The appellant at the time of committing the act with which he was charged in the indictment against him was forty-three years of age, whilst Geneva Davis, the female in the transaction, was only seventeen years of age. In such circumstances the statute makes the act on the part of the male a felony punishable on conviction by imprisonment in the penitentiary for a period of not less than two nor more than ten years—the punishment in this case being fixed by the jury at five years. Appellant's motion for a new trial contained a number of alleged errors which it is contended were sufficiently prejudicial to authorize this court to reverse the judgment; but in brief filed in this court all of them are expressly abandoned except errors (1), (2) and (3), the first of which insists that the verdict is flagrantly against the evidence; the second one complains of misconduct on the part of the commonwealth's attorney made during his argument of the case to the jury, and the third one was that the court did not instruct the jury on the whole law of the case. They will be considered and determined in the order named.

1. The statute under which appellant was indicted provides for only a misdemeanor punishment of a fine not exceeding $500 if the evidence shows "previous acts of sexual immorality" by the juvenile female and her general reputation for engaging in the alleged forbidden act. In arguing alleged error (1) it is vigorously contended by appellant's counsel that the proof without contradition establishes such immorality on the part of the infant prosecutrix so as to reduce the offense in this case to only the misdemeanor defined in the statute, and that the court erred in submitting to the jury appellant's guilt of the felony charge contained in the statute. However, the proof refers to no act of intercourse by the prosecutrix with any other man than appellant, although there was testimony furnishing opportunity for such conduct, but there is no proof of violation of the statute, except with him.

The prosecutrix, with her parents and some brothers and sisters, lived in the city of Louisville within the portion of the city almost exclusively inhabited by colored people. She met appellant at a beer joint owned and operated by a colored proprietor, and which was located within the same territory. Later the parties met each other twice, once at the home of the prosecuting witness, and once at the home of the appellant, and on those occasions the denounced act by the statute was engaged in, and which appellant admits.

The case of Wilson v. Commonwealth, 265 Ky. 337, 96 S. W. (2d) 1026, 1027, was one in which the defendant was charged with violating the same statute and with the commission of the same crime as is here involved. The same insistence—that nothing but the misdemeanor charge should have been submitted to the jury—was made in that case, since it was therein contended that the involved female infant was conclusively proven to have been guilty of such sexual immorality as to reduce the offense of the accused to a misdemeanor, and because thereof the court should not have submitted the felony charge as contained in the statute. Such contention made in that case, as it is also done here, was based on the fact that the sexual immorality of the female was conclusively proven by her admission that more than one violation of the statute with appellant was shown to have occurred; but we held therein that the proof of sexual immorality on the part of the female should be shown by proof of acts of intercourse other than with the defendant—the opinion saying: "The admitted acts of intercourse by prosecutrix previous to May, 1934, were with the appellant, and we do not think that it is the spirit and intention of the statute to permit a person charged with an offense to benefit by his own unlawful and immoral conduct. It is our opinion that the previous acts of sexual immorality mentioned in the statutes, supra, means that such acts must have been committed with a man or men other than the accused. It is our conclusion, therefore, that it was proper to submit both phases of the case to the jury."

The opinion in that case might have been strengthened by the reflection that if the sexual immorality, so as to reduce the offense to the misdemeanor contained in the statute could be established by repeated violation of the statute with the defendant on trial, then in every

prosecution under the statute defendant could multiply his pleasure and therefore be convicted only of the misdemeanor offense contained in the statute, and which the legislature clearly did not intend to prescribe, or to offer such premium to confessed violators of the statutes.

As stated above, the acts and conduct of the infant female in this case created no more than a suspicion that similar violations of the statute on her part were with other men besides appellant. However, the court did submit to the jury the issue of sexual immorality on the part of the prosecuting witness with the direction that if found to be true, then the jury should convict defendant of only the misdemeanor prescribed in the statute. By its verdict the jury found no such sexual immorality and convicted appellant of the statutory felony. The evidence as to sexual immorality so as to reduce the offense to a misdemeanor was much stronger in the Wilson case than in the instant one, since in that case there was proof of admissions and confessions on the part of the prosecutrix that she had so engaged with other men than the defendant, and which testimony is entirely absent in the instant case. We, therefore, conclude that this alleged error is refuted and not sustained by the testimony heard at the trial.

2. The alleged remarks of prosecuting counsel in his closing argument to the jury are not presented to this court in conformity with the prescribed and approved practice so as to authorize consideration by us. Time and time again—and with no exception—we have interpreted and applied the proper practice to be pursued in presenting such questions to this court for review, and in every instance it was declared that it should be done by a bill of exceptions duly approved and signed by the presiding judge. No such course was pursued in this case, and the only way the complained of remarks appear in the record is a recitation of them in an affidavit made by counsel for defendant in support of his motion for a new trial. If his affidavit had been made a part of the bill of exceptions or the bill of evidence, it would not then have complied with the adjudged requirements so as to entitle us to consider or determine the merits of the matter complained of. In such case the certification by the judge would confirm the fact that counsel had made such an affidavit, but it would furnish no evidence

of the truth of his statements contained in his affidavit. The same results follow when the entire motion for a new trial is incorporated in the bill of exceptions. In this case none of the complained of statements of prosecuting counsel are contained in any bill of exceptions, and we are not informed as to whether they were ever made, except through and by the affidavit of defending counsel.

Moreover, the bill of evidence contained in the record—which was made by the stenographer who reported the evidence heard at the trial—is not signed by him, nor is it approved by the presiding judge. It is, therefore, clear that this alleged error is not manifested in accordance with the firmly established rule of practice in a manner to entitle us to consider it, even if the alleged remarks were prejudicial to the extent of furnishing a ground for a reversal. However, it is doubtful if the complained of remarks as set out in counsel's affidavit exceeded the limits of proper argument to the extent of authorizing a reversal of the judgment; but, since the question is not properly before us we will refrain from discussing or determining this alleged error.

3. It is argued in support of error (3) that the court in its instructions to the jury should have confined the issue of guilt or innocence to one violation of the statute by defendant, but which it is claimed was not done in this case. In support of that argument numerous domestic cases are cited beginning with Smith v. Commonwealth, 109 Ky. 685, 687, 60 S. W. 531. We have examined a number of the cases relied on as supporting this error, and find that the defendant in each of them *denied* the intercourse with which he was charged. The rule as announced in them was intended to relieve defendant of the task of proving his innocence of each violation of the statute that the evidence disclosed, and which was tantamount to defending each unlawful act, as much so as if there had been a separate indictment for each of them. In this case, however, defendant and appellant admitted his guilt of all of the proven acts of intercourses and made no defense to the accusation against him, except to show that he should be punished only for the misdemeanor contained in the violated statute, and not tried or punished for the felony described therein. It is, therefore, extremely doubtful if the rule announced by the cases relied on is available to defend-

ant when he admits his guilt of each violation disclosed by the testimony.

The violations proved in this case began in the latter part of September, 1941, and one of them was on or about the 15th day of the following October. Instruction No. 1 told the jury to find the defendant guilty if it believed beyond a reasonable doubt "that the defendant, Dan Cannon, in this county on or about the 15th day of October, 1941, * * * did unlawfully and feloniously carnally know and have sexual intercourse with Geneva Davis," &c. It would, therefore, appear that even if this case was one required to be tried by the practice announced in the cases relied on, then that practice was substantially followed in the trial court, and which conclusion is supported by our opinions in the cases of Earl v. Commonwealth, 202 Ky. 726, 261 S. W. 239, and McCreary v. Commonwealth, 158 Ky. 612, 615, 165 S. W. 981.

The parents of the prosecutrix, Geneva Davis, appear to have possessed but little, if any, property, and were thereby compelled to reside in quarters where rent was the cheapest, and which, no doubt, furnishes one reason for their home being located within the area above described. No other family of white inhabitants was shown to reside in the immediate neighborhood of the Davis home. Hence her associations were largely with colored children, and which furnishes at least a partial excuse for her association with children and people of that race. The same fact also mitigates to some extent the inferences that might be drawn from such associations affecting her morality. On the other hand appellant was shown to have served eleven years in the penitentiary in the state of Tennessee under a conviction of murder, and he served more than two years in the Federal prison at Atlanta, Gergia, for violating some Federal statute. The evidence shows that from the time he met prosecutrix he was ever-ready with his automobile to take his victim to any place she desired to go and the evidence clearly reveals his ultimate purpose for being so accommodating. We have closely examined each of the errors relied on for a reversal and find that none of them is sufficient to sustain the conclusion that defendant did not have a fair and impartial trial.

Wherefore, for the reasons stated, the judgment is affirmed.