**Paul Randall CAVINS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 5, 1954.

J. Ervin Sanders, P. H. Hyden, Pikeville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

SIMS, Justice.

Appellant, Paul Randall Cavins, a boy 20 years of age, was convicted of robbing his uncle, Lech Cavins, of $290 and his punishment was fixed at confinement in the penitentiary for three years. He assigns three grounds for reversal of the judgment: 1. the verdict is not sustained by sufficient evidence; 2. the verdict is the result of passion and prejudice brought about by incompetent evidence; 3. improper argument by the attorney representing the Commonwealth.

The prosecuting witness, Lech Cavins, 67 years of age, testified that in February

1953, about 3 o'clock in the morning while alone in his home, he answered a knock on his door. When he opened it appellant shined a flashlight in his eyes, grabbed him and took his wallet containing $290 from his shirt pocket. The witness was sleeping in his shirt and "slips". It was a clear night, the moon was shining and he recognized his nephew and called him by name in the scuffle over the wallet. Appellant attempted to prove an alibi, testifying he spent the night of the robbery in his sister's home. She corroborated him.

 Counsel for appellant admit the evidence was sufficient to take the case to the jury and to sustain the verdict, but argue incompetent evidence was admitted as to appellant having knowledge his father had left certain money with Lech Cavins to keep appellant's mother from getting it. In the first place, this evidence was competent as bearing on the motive for the robbery. In the second place, no objection was made to it and where no objection is made at the time evidence is offered, the error of its admission is waived. Wells v. Commonwealth, 313 Ky. 371, 231 S.W.2d 30; Holt v. Commonwealth, Ky., 259 S.W.2d 463.

The improper argument complained of is, "The stories told by the defendant and his witnesses are just made up tales and if they will lie about one thing they will about another". This argument was not improper as the attorney representing the Commonwealth certainly may comment on the veracity of witnesses and the reasonableness of their testimony. However, if it were improper argument, we could not consider it on this appeal because it is not contained in the bill of exceptions, nor does the record show any objection by appellant to the argument. The rule is that where misconduct or improper argument by an attorney is not incorporated in the bill of exceptions, and the remarks appear only in appellant's brief filed here, it cannot be reviewed on appeal. Cannon v. Commonwealth, 291 Ky. 517, 165 S.W.2d

44; Vontrees v. Commonwealth, 291 Ky. 583, 165 S.W.2d 145.

For the reasons given the judgment is affirmed.