Gaylon McCLOUD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 14, 1957.

Tom Garrett, Paducah, for appellant.

Jo M. Ferguson, Atty. Gen., Edward L. Fossett, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Gaylon McCloud was convicted and sentenced to ten years' confinement in the penitentiary for violation of KRS 435.100. He was charged with carnally knowing Margie Nelle Thompson.

The appellant complains that the trial court refused to permit him to introduce evidence of the sexual immorality and general reputation for sexual immorality of the prosecutrix and failed to give the whole law of the case.

The prosecutrix and her mother, Pocahontas "Pokey" Thompson, testified that Margie Nelle was under the age of sixteen years at the time of the commission of the alleged offense. The appellant and one other witness testified that the prosecutrix had said that she was over sixteen years of age. No birth records were introduced. The evidence created an issue for the jury to determine as to whether the age of the prosecutrix was under or over sixteen years.

KRS 435.100(1) makes it an offense for "any male person who carnally knows, with her consent, any female child, not his wife, and any female person who carnally knows any male child, not her husband".

By various subsections, gradations of punishment are provided for the offense. These gradations are based upon certain factors determining the seriousness of the offense as follows: (a) under twelve years of age, twenty to fifty years, or death; (b) twelve years of age and under sixteen, five to twenty years; and (c) sixteen years and under eighteen, two to ten years unless the prosecutrix is shown beyond a reasonable doubt to be sexually immoral or to have such a reputation, in which event the punishment is a fine not to exceed $500. These subsections are not considered as elements of the offense but govern the punishment according to the gravity of the violation. Merriss v. Commonwealth, 287 Ky. 58, 151 S.W.2d 1030.

The court instructed only on the punishment provided for violation of the statute as it related to a child twelve years of age and under sixteen. It was the duty of the court to give the whole law of the case, and in so doing, there was a duty to frame the instructions "as to give the appellant the benefit of any doubt the jury might have had as to the girl's age". Carroll v. Commonwealth, 295 Ky. 522, 174 S.W.2d 770, 772. In Hunley v. Commonwealth, 217 Ky. 675, 290 S.W. 511, 512, it was said " * * * the punishment submitted in the instructions should conform to the proof concerning such alleged ages * * *." In view of the conflicting evidence as to the prosecutrix' age, an instruction should have been given under subsection (c) covering the age of sixteen years and under eighteen. Merriss v. Commonwealth, 287 Ky. 58, 151 S.W.2d 1030.

On cross-examination of the prosecutrix, appellant sought to show previous acts of sexual immorality on the part of the witness. Following adverse rulings, avowals were made to show that prior to May 22, 1956, she ran away from home to Louisville with Alvin Ray Collis and was gone from her home a considerable time; on May 22, 1956, the prosecutrix stayed all night in a car with Bill Hooper; on May 23, 1956, she stayed all night with an unidentified man at the home of Oscar Burchett; and on May 24, 1956, she spent the night with J. B. Hooper at Dick Farnsley's apartment. A defense witness was not permitted to testify that the general reputation of the prosecutrix for morality was bad.

It is expressly provided in subsection (c) of KRS 435.100(1) that "In all prosecutions for carnally knowing a female between the ages of sixteen and eighteen years, previous acts of sexual immorality committed by the female and her general reputation for sexual immorality may be proven."

Since there was a conflict in the testimony as to the age of the prosecutrix, the jury could have believed that she was over sixteen years of age. Under such case, the rejection of the proffered evidence of sexual immorality would have been prejudicial to the appellant. It would be manifestly unfair to restrict the introduction of immorality testimony only to those cases in which there is no issue as to the prosecutrix' age.

Wilson v. Commonwealth, 265 Ky. 337, 96 S.W.2d 1026; Cannon v. Commonwealth, 291 Ky. 517, 165 S.W.2d 44. On another trial, evidence of the prosecutrix' previous sexual immorality and general reputation for sexual immorality should be admitted if there is evidence to show that she was over sixteen years of age at the time of the commission of the alleged offense, and the court should instruct under the misdemeanor part of KRS 435.100(1) (c). Newsome v. Commonwealth, Ky., 274 S.W.2d 484. Williams v. Commonwealth, 277 Ky. 227, 126 S.W.2d 131, relied on by appellee, is not in point. It dealt with evidence as to the chastity of the prosecutrix' elder sister.

Appellant also complains that the Commonwealth's attorney, in cross-examination, asked him, over objection, if he knew as a matter of fact that Dick Farnsley was in the federal penitentiary. A negative answer as to the whereabouts of Farnsley had previously been given. The question was improper, but it is unlikely to be asked at a later trial. It is unnecessary to consider the alleged error in refusing to grant a continuance.

Judgment is reversed, with direction to grant a new trial in conformity herewith.